Leonard J. Cravens, SBN 208148
Law Offices of Leonard Cravens
45902 Oasis St. STE C
P.O. Box 2714
Indio, CA 92202-2714
(760) 342-1810 Voice, DHS
(760) 418-8023 Fax
cravenslawindio@gmail.com

Attorney for Plaintiff

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE BRANCH

In Re:
Irma Cantu,

      Debtor(s)

---

Irma Cantu,

      Plaintiff,

vs.

Ocwen Loan Servicing, LLC,

      Defendant(s).

Case No. 6:10-bk-20626-MJ

Adv. Case No.

COMPLAINT
(1) FOR VIOLATION OF THE AUTOMATIC STAY/DISCHARGE INJUCTION
(2) DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN
(3) FOR INJUNCTIVE RELIEF

11 USC §105, §362, §506, FRBP 7001(2), 7001(7)

**COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY; TO DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN(S); AND FOR INJUNCTIVE RELIEF**

**Introduction**

1.    This is an action for violation of the automatic stay 11 USC §362, to determine the nature, extent and validity of lien(s) pursuant to Section 506(h) of the Bankruptcy Code and FRBP 7001(2). It is also and action for injunctive relief pursuant to FRBP 7001(7).

**Jurisdiction and Venue**

2.    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United Stated Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case, in particular the property located at 82346 Oleander Ave, Indio, CA 92201.

3.    This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code and Section 157(b)(2) of Title 28 of the United States Code.

4.   This matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order. However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consents to the entry of a final order by the Bankruptcy Judge.

5.   Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

### Parties

6.   The Plaintiff Irma Cantu ("Plaintiff" or "Debtor") in this case is a debtor under Chapter 13 of Title 11 of the United States Code in case number 6:10-bk-20626-MJ.

7.   Defendant Ocwen Loan Servicing, LLC ("Defendant or "Creditor") is the Creditor that owns debt that is secured by a lien on Debtor's real property located in Riverside County, California, that is the subject of this action.

### History

8.   The bankruptcy case of the Plaintiff was commenced by the filing of a voluntary petition with the Clerk of this Court on April 10, 2010 under Chapter 13. The plan was confirmed on October 4, 2010. A discharge was entered on August 10, 2015.

9.   On 1/21/2012, Creditor filed a motion for relief from stay regarding Debtor's real property (Court Docket 71). On 6/26/2012, a stipulation was signed by the parties (Court Docket 87) allowing the stay to remain in effect regarding said real property, conditioned on the payment of $654.97 per month to the creditor. The Order for Adequate Protection was entered on June 28, 2012 (Court Docket 89). A true and correct copy of said order is attached to this complaint as Exhibit A.

10.   The automatic stay was never lifted in the case as to the Oleander Property. However, starting in 2013, creditor started sending notices to the debtor, saying that she was behind. At some point, creditor stopped accepting the $654.97 payment(s), but never did anything to lift the stay.

11.   Within 6 months of the Adequate protection order being entered (during the pendency of the bankruptcy case and after the discharge was entered), the creditor entered into a campaign of confusion and intimidation, telling debtor that she owed a whole bunch of money (allegedly for late charges, attorney fees, and escrow charges) that she didn't owe. Creditor sent numerous demand letters and other papers to allegedly start a loan modification, further upsetting the Plaintiff. This campaign started during the pendency of the bankruptcy and continues until this day.

12.   The debtor completed all of her Chapter 13 payments in April of 2015. In conjunction with that, the Chapter 13 trustee sent out a "Notice of Finale Cure Mortgage Payment" on May 7, 2017 (Court Docket 118).

13.   The creditor responded to the Notice of Final Cure on May 28, 2015 (Docket entry between 119 and 120). Curiously, the response claimed that debtor was behind 17 payments (out of 60 that were due during the plan) of $790.35, not $654.97. In addition, the creditor claimed that they were owed $10,919.93 for escrow advances (even though there was no escrow account at the beginning of the bankruptcy), and $6,245.24 in fees and costs (that are total devoid of any explanation). In addition, the Notice of Final Cure says "Note, relief from stay was granted on the property on June 28, 2012.", even

Page 2

though the order of June 28, 2012 only was for an Adequate Protection. A true and correct copy of said response is attached to this complaint as Exhibit B.

14. Creditor never filed an Official Form 410S1 (notice of Mortgage Payment Change) at any time during when the case was pending. No permission was ever obtained from the court to establish an escrow account. No notice of such an escrow account was ever given to the debtor or the bankruptcy court.

15. A discharge was entered on August 10, 2015 (Docket 130).

16. Debtor originally accepted an offer for a loan modification after the discharge was entered. But the automatic payment from her checking account to initiate the trial payments was rejected because Creditor's clerical error of putting in incorrect checking account number in Creditor's computer system. When debtor tried to fix the problem, creditor's customer service (which is located in India) could not fix the problem and was also impossible to deal with, partially due to a language barrier, and the loan modification was ultimately rejected. Debtor tried repeatedly to remedy the situation, but had no luck with Creditor's India based customer service. At this time, Plaintiff does not want the loan modification because creditor is demanding money that the debtor does not owe, and Plaintiff simply does not trust the creditor.

17. Creditor has scheduled a foreclosure sale for March 21, 2017. The total amount due, according to the foreclosure notice, is $74,503.04. As of the filing of this complaint, the property is worth a minimum of $160,000. Two identical properties have sold for $188,000 and $200,000 respectively within the last 6 months.

18. If the creditor is allowed to foreclose the real property, the foreclosure sale will yield a windfall to the creditor and deprive Plaintiff of her home of almost 20 years.

19. Debtor has been damaged by the creditor because it has violated the automatic state by harassing her for money she does not owe during the pendency of the case, as well as offering a so-called loan modification that would require her to pay money toward escrow advances that neither the debtor owed nor the bankruptcy court approved. She also has suffered emotional distress based on the fact that her home she has lived in for 20 years would potentially be lost to the creditor.

20. The debtor now wants a **court determination of the extent of the lien against her property** (dispute over the amount of the lien and the escrow account) as well as an **injunction prohibiting the Creditor from foreclosing said real estate** until it can be determined what is actually owed on the real property, as well as appropriate Damages for Emotional Distress, Attorney Fees, and Court Costs for **violation of the automatic stay/discharge injunction** during the pendency of the main case.

**WHEREFORE, Plaintiff** having set forth her claim(s) for relief against the Defendant/Creditor respectfully prays of the Court as follows:

A. Determine Plaintiff's and Defendant's respective interest in said real property, including the extent of the lien held by the defendant/creditor;

B. Money Damages, Attorney Fees and Costs, including emotional distress damages for violation of the automatic stay/discharge injunction;

ADVERSARY COMPLAINT

C.    For such additional declaratory and injunctive relief against the Defendants as is necessary to protect the real property and avoid irreparable injury to Plaintiff; In particular, Plaintiff prays for an injunction to keep her house from being foreclosed during the pendency of this case;

D.    That the Plaintiff has such other and further relief as the Court may deem just and proper.

DATED: 03/14/2017                      /s/ L.J. Cravens
                                                 Leonard J. Cravens, Attorney for Plaintiff

Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

ERIC D. HOUSER #130079

HOUSER & ALLISON, APC

9970 Research Drive

Irvine, CA 92618

Ph: (949) 679-1111

Fax: (949) 679-1112

Email: ehouser@houser-law.com

☒ Attorney for Movant(s)
☐ Movant(s) appearing without an attorney

FOR COURT USE ONLY

**FILED & ENTERED**

JUN 28 2012

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY tolleson DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION**

In re:

IRMA CANTU aka IRMA D ALONZO aka IRMA JOHNSON

Debtor(s).

CASE NO.: 2:10-bk-20626-MJ

CHAPTER: 13

**ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (REAL PROPERTY)**

DATE: June 27, 2012
TIME: 9:00 a.m.
COURTROOM: 301
PLACE: U.S. Bankruptcy Court
3420 Twelfth Street
Riverside, CA 92501

Movant:  U.S. Bank, N.A., as Trustee for the registered holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1

1. The Motion was:    ☐ Opposed    ☐ Unopposed    ☒ Settled by stipulation

2. The Motion affects the following real property (Property):

   Street address:         82346 Oleander Avenue
   Unit number:
   City, state, zip code:  Indio, CA 92201

Exhibit A

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                                       Page 1                                    F 4001-1.ORDER.RP

Legal description or document recording number (including county of recording):
LOT 12 OF NORTH INDIO CREST NO. 3, AS SHOWN BY MAP ON FILE IN BOOK 32 PAGE(S) 50 OF MAPS, RECORDS OF RIVERSIDE COUNTY, CALIFORNIA. EXCEPTING THEREFROM ALL RIGHTS TO OILS AND MINERALS IN AND UNDER SAID LAND BUT WITHOUT RIGHT OF ENTRY TO THE SURFACE OR TO THE SUBSURFACE TO A DEPTH OF 500 FEET OF SAID LAND.

☐ See attached page.

3. The Motion is granted under: ☐ 11 U.S.C. § 362(d)(1)  ☐ 11 U.S.C. § 362(d)(2)  ☐ 11 U.S.C. § 362(d)(3)
   ☐ 11 U.S.C. § 362(d)(4)

4. As to Movant, its successors, transferees and assigns, the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☐ Modified or conditioned as set forth in Exhibit ____ to this Order.

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable nonbankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. Movant must not conduct a foreclosure sale before the following date (*specify*): _____

7. ☒ The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this Order.

8. ☐ In chapter 13 cases, the trustee must not make any further payments on account of Movant's secured claim after entry of this Order. The secured portion of Movant's claim is deemed withdrawn upon entry of this Order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant must return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this Order.

9. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved either:

   ☐ transfer of all or part ownership of, or other interest in, the Property without the consent of the secured creditor or court approval.

   ☐ multiple bankruptcy filings affecting the Property.

If recorded in compliance with applicable state law governing notices of interests or liens in the Property, this Order is binding and effective under 11 U.S.C. § 362(d)(4)(A) and (B) in any other bankruptcy case purporting to affect the Property filed not later than 2 years after the date of entry of this Order, except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing. Any federal, state or local governmental unit that accepts notices of interests or liens in real property shall accept any certified copy of this Order for indexing and recording.

(continued)

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                                    Page 2                                    F 4001-1.ORDER.RP

10. This court further orders as follows:

   a. ☐ The 14-day stay as provided in FRBP 4001(a)(3) is waived.
   b. ☐ The provisions set forth in the Extraordinary Relief Attachment shall also apply (attach Optional Form F 4001-10-ER).
   c. ☐ See attached continuation page for additional provisions.

### 

DATED: June 28, 2012

_United States Bankruptcy Judge_

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                                    Page 3                                    F 4001-1.ORDER.RP

# ADEQUATE PROTECTION ATTACHMENT

*(This attachment is the continuation page for paragraph 7 of the Order on the Motion.)*

The stay remains in effect subject to the following terms and conditions:

1. ☐ The Debtor tendered payments at the hearing in the amount of $_____.

2. ☒ The Debtor must make regular monthly payments in the amount of $654.97 commencing July 1, 2012. The amount of these payments may be subject to change under the terms of the parties' original agreements. All payments due Movant hereunder must be paid to Movant at the following address:

   Ocwen Loan Servicing, LLC / Attn: Cashiering Department
   1661 Worthington Road, Suite 100
   West Palm Beach, FL 33409
   Loan No. xxxx9201

3. ☐ The Debtor must cure the postpetition default computed through _____ in the sum of _____ as follows:

   a. ☐ In equal monthly installments of $ _____ each commencing _____ and continuing thereafter through and including _____.
   b. ☐ By paying the sum of $ _____ on or before _____,
   c. ☐ By paying the sum of $ _____ on or before _____,
   d. ☐ By paying the sum of $ _____ on or before _____,
   e. ☐ Other *(specify)*:

4. ☒ The Debtor must maintain insurance coverage on the property and must remain current on all taxes that fall due postpetition with regard to the property.

5. ☐ The Debtor must file a Disclosure Statement and Plan on or before *(specify date)*: _____
   The Disclosure Statement must be approved on or before *(specify date)*: _____
   The Plan must be confirmed on or before *(specify date)*: _____

6. ☒ Upon any default in the foregoing terms and conditions, Movant must serve written notice of default to Debtor and Debtor's attorney, if any. If Debtor fails to cure the default within 14 days after service of such written notice, plus 3 additional days if served by mail:

   a. ☐ The stay automatically terminates without further notice, hearing or order.
   b. ☒ Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the stay, which the court may grant without further notice or hearing.
   c. ☐ The Movant may move for relief from the stay upon shortened notice in accordance with LBRs.
   d. ☐ The Movant may move for relief from the stay on regular notice.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011                               Page 4                              F 4001-1.ORDER.RP

7. ☒ Notwithstanding anything contained herein to the contrary, the Debtor shall be entitled to a maximum of (*number*) <u>3</u> notices of default and opportunities to cure pursuant to the preceding paragraph. Once a Debtor has defaulted this number of times on the obligations imposed by this Order and has been served with this number of notices of default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtor with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtor's failures to perform hereunder, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

8. ☒ The foregoing terms and conditions shall be binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, the foregoing terms and conditions cease to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

9. ☒ If Movant obtains relief from stay based on Debtor's defaults hereunder, the order granting such relief will contain a waiver of the 14-day stay as provided in FRBP 4001(a)(3).

10. ☒ Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

11. ☒ Other (*specify*): Movant may amend its proof of claim to include post-petition advances in the amount of $2,075.00 as pre-petition arrearage to be paid over the remaining term of the Chapter 13 Plan.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2011    Page 5    F 4001-1.ORDER.RP

| | |
|---|---|
| 1 | LAW OFFICES OF LES ZIEVE |
| | BRIAN H. TRAN, ESQ. #255577 |
| 2 | LESLIE M. KLOTT, ESQ. #279622 |
| | 30 Corporate Park, Suite 450 |
| 3 | Irvine, CA 92606 |
| | (714) 848-7920 |
| 4 | (714) 848-7650 Fax |
| 5 | bankruptcy@zievelaw.com |

Counsel for Secured Creditor, U.S. Bank, N.A. as Trustee for the registered holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1, c/o Ocwen Loan Servicing, LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| In Re: | Case No.: 6:10-bk-20626-MJ |
|---|---|
| Irma Cantu, | CHAPTER 13 |
| Debtor. | RESPONSE TO NOTICE OF FINAL CURE MORTGAGE PAYMENT |
| | (COURT CLAIM #6-1) |
| | [FRBP 3002.1(g)] |

**TO ALL INTERESTED PARTIES:**

U.S. Bank, N.A. as Trustee for the registered holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1, c/o Ocwen Loan Servicing, LLC ("Secured Creditor"), hereby submits its Response to the Chapter 13 Trustee's Notice of Final Cure Payment:

Exhibit B

1

### I. Pre-Petition Arrears

Secured Creditor agrees that the amount required to cure the default in Proof of Claim #6-1 has been paid in full.

### II. Post-Petition Payments

Debtor is due for the January 1, 2014 and ongoing monthly mortgage payments totaling $13,435.95 and have incurred an escrow advance in the amount of $10,919.93 and fees and costs in the amount of $6,245.24. A breakdown is as follows:

(17 payments) April 1, 2014 – May 1, 2015 at $790.35 each for a total of: $13,435.95

$10,919.93 in escrow advances.

$6,245.24 fees and costs

Note, relief from stay was granted on the property on June 28, 2012.

DATED: May 28, 2015

**LAW OFFICES OF LES ZIEVE**

/s/ *Leslie M. Klott*
By: Leslie M. Klott
Counsel for Secured Creditor,
U.S. Bank, N.A. as Trustee for the registered holders of Structured Asset Securities Corporation Mortgage Pass-Through Certificates, Series 2007-TC1, c/o Ocwen Loan Servicing, LLC

2

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Irma Cantu | DEFENDANTS<br>Ocwen Loan Servicing, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Leonard J. Cravens, SBN 208148<br>Law Offices of Leonard Cravens<br>P.O. Box 2714<br>Indio, CA 92202-2714<br>Phone: (760) 342-1810<br>Fax: (760) 418-9023<br>cravenslawindio@gmail.com | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) FOR VIOLATION OF THE AUTOMATIC STAY (2) DETERMINE THE NATURE, EXTENT AND VALIDITY OF LIEN (3) FOR INJUNCTIVE RELIEF
11 USC §105, §362, §506, FRBP 7001(2), 7001(7)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☒ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Irma Cantu | BANKRUPTCY CASE NO.<br>6:10-bk-20626-MJ | | |
| DISTRICT IN WHICH CASE IS PENDING<br>CDCA | DIVISION OFFICE<br>Riverside | NAME OF JUDGE<br>Jury | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF<br>None | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>03/14/2017 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Leonard J. Cravens | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.