**ZIEVE, BRODNAX & STEELE, LLP**
**Leslie M. Klott, Esq. #279622**
**Erin M. McCartney, Esq. #308803**
**30 Corporate Park, Suite 450**
**Irvine, CA 92606**
**(714) 848-7920**
**(714) 848-7650 Fax**
**bankruptcy@zbslaw.com**

Attorneys for Defendant, Ocwen Loan Servicing, LLC

## IN THE UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 6:10-bk-20626-MJ |
| IRMA CANTU, | Adversary No. 6:17-ap-01057-MJ |
| Debtor, | |
| IRMA CANTU, | **DEFENDANT'S NOTICE AND MOTION TO DISMISS THE ADVERSARY COMPLAINT UNDER FED. R. CIV. P. 12(B)(6) AND FED. R. BANK. P. 7012; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |
| Plaintiff, | |
| v. | |
| OCWEN LOAN SERVICING LLC, | **Hearing Date:** |
| Defendant | Date: May 11, 2017 |
| | Time: 10:00 a.m. |
| | Place: U.S. Bankruptcy Court |
| | Courtroom 301 |
| | 3420 Twelfth Street |
| | Riverside, CA  92501 |

TO THE COURT, ALL PARTIES, AND ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on May 11, 2017 at 10:00 a.m. or as soon thereafter as may be heard in Courtroom 301, of the above-titled Court located at 3420 Twelfth Street, Riverside, CA 92501 Defendant Ocwen Loan Servicing, LLC, by and through their counsel of record, will and hereby move to dismiss Plaintiff Irma Cantu's Complaint and to each cause of action therein under Federal Rules of Civil Procedure 12(b)(6).

DEFENDANT'S MOTION TO DISMISS THE ADVERSARY COMPLAINT

1  This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you
2  wish to oppose this Motion, you must file a written response to this Motion with the court and
3  serve a copy of it upon the Movant's attorney at the address set forth above no less than 14 days
4  before the above hearing and appear at the hearing of this Motion.

5  For the reasons set forth in the herein and in the attached memorandum of points and
6  authorities, each and every cause of action in Plaintiff's Complaint fails to state a claim upon
7  which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).  Accordingly,
8  Plaintiff's claims have no merit and Defendant moves for an order by this Court dismissing the
9  Complaint without leave to amend.

10  This motion is based upon this Notice and Motion, the Memorandum of Points and
11  Authorities, the Court's records and files in this action, any evidence that the Court deems
12  proper, and upon such further evidence and arguments as may be presented prior to or at the time
13  of the hearing.

14  This motion is also based, in part, upon matters subject to judicial notice as set forth in
15  Defendant's Request for Judicial Notice, filed concurrently herewith under Federal Rule of
16  Evidence 201.

17
18
19  Dated: April 13, 2017                              ZIEVE, BRODNAX & STEELE, LLP
20
21                                                     By: /s/Erin M. McCartney_____
                                                           Erin M. McCartney, Esq.
22                                                         Attorney for Ocwen Loan Servicing, LLC
23
24
25
26
27
28

DEFENDANT'S MOTION TO DISMISS THE ADVERSARY COMPLAINT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................... 1

II.   STATEMENT OF FACTS............................................................................. 1

III.  LEGAL STANDARD .................................................................................... 2

IV.  ARGUMENT ................................................................................................. 4

    A.    The Plaintiff Does Not Allege a Plausible Claim for an Automatic Stay Violation................................................................................... 4

    B.    A Violation of the Discharge Injunction is Not Supported or Properly Presented.................................................................................. 4

    C.    Plaintiff's Declaratory and Injunctive Relief Claims Fail ............................ 6

        1.    The Plaintiff Does Not Have Grounds for Declaratory Relief .......... 6

        2.    The Request for Injunctive Relief is not Warranted and Should be Considered Moot............................................................... 7

V.   CONCLUSION .............................................................................................. 7

# **TABLE OF AUTHORITES**

**State Cases**

*Baldwin v. Marina City Prop., Inc.*, 79 Cal.App.3d 393, 145 Cal. Rptr. 406 (Ct. App. 1978)................................................................................................................ 8

*Ball v. FleetBoston Fin. Corp.*, 164 Cal. App. 4th 794, 79 Cal. Rptr. 3d 402 (2008) ........ 8

*Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105; 825 P.2d 588 (1992) .................................. 5

*Canova v. Trustees of Imperial Irr. Dist. Employee Pension Plan*, 150 Cal.App.4th 1487 (2007) ....................................................................................................................... 8

*County of San Diego v. State* 164 Cal.App.4th 580 (2008) ............................................... 7

*DeLaura v. Becketti,*137 Cal.App.4th 542 (2006).............................................................. 8

*In re Park*, 532 B.R. 392 (M.D. Fla. 2015) ....................................................................... 6

*Lockheed Corp. v. Continental Ins. Co.*, 134 Cal.App.4th 187 (2005).............................. 7

**Federal Cases**

*Ashcroft v. Iqba*, 129 S. Ct. 1937 (2009).......................................................................... 3

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ..................................................... 3

*Branch v. Tunnel*, 14 F3d 449 (9th Cir. 1994) ................................................................. 4

*Cortec Industries, Inc. v. Sum Holdings*, L.P., 949 F.2d 42, 47 (2nd Cir. 1991)............... 4

*During v. First Boston Corp.*, 815 F.2d 1265 (9th Cir. 1987) .......................................... 4

*In re Bennett*, 298 F.3d 1059 (9th Cir. 2002).................................................................... 5

*In re Henry*, 266 B.R. 457 (Bankr. C.D. Cal. 2001) .......................................................... 4

*In re Taggart*, 548 B.R. 275 (B.A.P. 9th Cir. 2016) ......................................................... 5

*In re Zilog, Inc.*, 450 F.3d 996 (9th Cir. 2006).................................................................. 5

*In re Zotow*, 432 B.R. 252 (B.A.P. 9th Cir. 2010) ............................................................ 4

*Lee v. City of L.A.*, 250 F.3d 668 (9th Cir. 2001).............................................................. 3

*Parrino v. FHP, Inc*., 146 F.3d 699 (9th Cir. 1998) .......................................................... 4

*SEC v. Seaboard Corp.*, 677 F.2d 1315 (9th Cir. 1982).................................................... 3

*State of Nev. v. Buford*, 708 F.Supp. 289 (1989).............................................................. 3

*United States v. Ritchie*, 342 F.3d 903 (9th Cir. 2003) .................................................. 3, 4

*Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002) ......................................... 5

*Western Mining Council v. Watt*, 643 F.2d 628 (9th Cir. 1981) ........................................ 3

*Wynn v. Clark Co. Bd. Of Com'rs.*, 74 Fed.Appx. 808, 809 (9th Cir. 2003) ...................... 4

**Federal Statutes**

11 U.S.C. §105 ..................................................................................................................... 1

11 U.S.C. §105(a) ................................................................................................................. 5

11 U.S.C. §1322(b)(5) ...................................................................................................... 5, 6

11 U.S.C. §1328(a)(1) .......................................................................................................... 5

11 U.S.C. §362 ................................................................................................................. 1, 4

11 U.S.C. §362(c)(2) ............................................................................................................ 4

11 U.S.C. §506 ..................................................................................................................... 1

11 U.S.C. §506(h) ................................................................................................................ 6

11 U.S.C. §524 ..................................................................................................................... 5

11 U.S.C. §524(a)(2) ........................................................................................................ 5, 6

**Federal Rules**

Fed. R. Bankr. P. 7008 ..................................................................................................... 3, 6

Fed. R. Bankr. P. 7012(b) .................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) .................................................................................................... 1, 3

Fed. R. Civ. P. 8(a)(2) .......................................................................................................... 3

Fed. R. Evid. 201 ................................................................................................................. 4

Fed. R. Evid. 201(b) ............................................................................................................. 4

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendant Ocwen Loan Servicing ("Ocwen" or "Defendant") respectfully requests an Order from this Court dismissing Plaintiff's Irma Cantu ("Debtor" or "Plaintiff") Complaint for Violation of the Automatic Stay; To Determine the Nature, Extent and Validity of Lien; and for Injunctive Relief ("Complaint") pursuant to Fed. R. Civ. P. 12 (b)(6), made applicable to this proceeding by rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  Ocwen respectfully asserts that it is entitled to dismissal of the Complaint because the Complaint fails to state a claim upon which relief may be granted under 11 U.S.C. §362, §105 or §506.

Since the Plaintiff's Complaint fails to coherently state a cause of action against Defendant, and because the legal theory relied upon is incorrect, the Complaint must be dismissed with prejudice.

### II.  STATEMENT OF FACTS

1.  The real property that is the subject of this dispute is located at 82346 Oleander Avenue, Indio, CA 92201.

2.  Plaintiff executed and delivered or is otherwise obligated with respect to a promissory note.  The Note is either made payable to Movant or has been duly endorsed. (Request for Judicial Notice in Support of Motion to Dismiss ("RJN") Exhibit A).

3.  Plaintiff executed and delivered or is otherwise obligated with respect to that certain Deed of Trust.  Pursuant to the Deed of Trust, all obligations of the Debtors under the Note and Deed of Trust with respect to the Loan are secured by the Property.  (RJN Exhibit B).

4.  Defendant is the servicer for the original mortgagee or beneficiary or the assignee of the Deed of Trust.[1] (RJN Exhibit C).

5.  On April 10, 2010, Plaintiff filed a petition for protection under Chapter 13 of Title 11 of the United States Bankruptcy Code under Bankruptcy Case No. 6:10-bk-20626-MJ.

---

[1] The assignment was recorded in the Official Records of the Riverside Recorder's Office on February 18, 2009 as Instrument No 2009-0075763 (RJN Exhibit C).  Ocwen Loan Servicing, LLC services the underlying mortgage loan and note for the property referenced herein for U.S. Bank, N.A. as Trustee, Successor By Merger to Firstar Bank N.A., as Trustee, Successor in interest to Firstar Bank, Milwaukee N.A., as Trustee.

1  (Complaint ¶8; RJN Exhibit D).

2      6.    Plaintiff filed a Chapter 13 plan which was confirmed on October 4, 2010.
3  (Complaint, Paragraph 8, and Bankruptcy Docket #39; RJN Exhibit E).

4      7.    On April 4, 2011, Defendant filed a Proof of Claim, marked as Claim #6. The
5  Proof of Claim reflected a secured claim in the amount of $71,864.23 with $18,736.78 in arrears.
6  (RJN Exhibit F).

7      8.    Plaintiff filed an objection to Ocwen's proof of claim on November 24, 2010.
8  (Bankruptcy Docket #48; RJN Exhibit G).

9      9.    The Plaintiff's objection attacked Ocwen's standing in the proceeding as well as
10  the amounts listed in the proof of claim. Ocwen filed a response addressing the Plaintiff's
11  assertions and the matter was eventually taken off calendar and the claim was allowed as filed.
12  (Bankruptcy Docket #64; RJN Exhibit D).

13      10.    On January 21, 2012, Ocwen filed a Motion for Relief from the Automatic Stay
14  after the Plaintiff fell behind on post-petition payments. (Bankruptcy Docket #71; RJN Exhibit
15  H).

16      11.    The parties resolved the matter through a stipulation entered on June 26, 2012.
17  (Bankruptcy Docket #87; RJN Exhibit I).

18      12.    On May 28, 2015, Defendant filed a Response to Notice of Final Cure Mortgage
19  Payment alleging that the Plaintiff fully cured the pre-petition arrearage but was delinquent on
20  her April 2014 through May 2015 post-petition payments in the amount of $13,435.95, escrow
21  advances in the amount of $10,919.93 and fees and costs in the amount of $6,245.24 (RJN
22  Exhibit J).

23      13.    Debtor was granted a discharge on August 10, 2015. (RJN Exhibit K).

24      14.    The Plaintiff filed a Chapter 13 Bankruptcy proceeding on March 18, 2017 under
25  case number 6:17-bk-12149-MJ. (RJN Exhibit L).

26  **III.    LEGAL STANDARD**

27      Federal Rule of Civil Procedure 12(b) applies in adversary proceedings pursuant to
28  Federal Rule of Bankruptcy Procedure 7012(b). Pursuant to Fed. R. Civ. P. 12(b)(6), a

1  complaint may be dismissed for "failure to state a claim upon which relief can be granted." In
2  *Ashcroft v. Iqbal*, the Supreme Court stated that "[t]o survive a motion to dismiss, a complaint
3  must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible
4  on its face.'" *Ashcroft v. Iqba*, 129 S. Ct. 1937, 1949 (2009) citing *Bell Atlantic Corp. v.
5  Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads
6  factual content that allows the court to draw the reasonable inference that the defendant is liable
7  for the misconduct alleged." *Id*. "The plausibility standard . . . asks for more than a sheer
8  possibility that defendant has acted unlawfully." Id. (citing *Twombly*, 550 U.S. at 556).

9      On a motion to dismiss, the court need not accept as true unwarranted deductions of fact,
10 legal characterizations, conclusory allegations or unreasonable inferences in a complaint. See
11 *State of Nev. v. Buford*, 708 F.Supp. 289, 292 (D. Nev. 1989); aff'd, 918 F.2d 854 (9th Cir.
12 1990); *Western Mining Council v. Watt*, 643 F.2d 628, 624 (9th Cir. 1981). For example, an
13 allegation that "defendant fraudulently induced plaintiff" is merely a conclusion which may be
14 disregarded absent other specific supporting allegations. *SEC v. Seaboard Corp.*, 677 F.2d 1315,
15 1316 (9th Cir. 1982).

16     The complaint shall contain "a short and plain statement of the claim showing that the
17 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) applicable pursuant to Fed. R. Bankr. P.
18 7008. The Supreme Court in *Iqbal* states "that the pleading standard Rule 8 announces does not
19 require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-
20 unlawfully-harmed-accusation." *Iqbal*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555).

21     Review on a motion pursuant to Fed. R. Civ. P. 12(b)(6) is generally limited to the
22 complaint itself. See *Lee v. City of L.A*., 250 F.3d 668, 688 (9th Cir. 2001). However, "[a] court
23 may, consider certain materials—documents attached to the complaint, documents incorporated
24 by reference in the complaint, or matters of judicial notice—without converting the motion to
25 dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th
26 Cir. 2003). If adjudicative facts or matters of public record meet the requirements of Fed. R.
27 Evid. 201, a court may judicially notice them in deciding a motion to dismiss. *Ritchie*, 342 F.3d
28 at 909; see Fed. R. Evid. 201(b). Thus, the court may disregard allegations in a complaint if

1  contradicted by facts established in documents exhibited, referenced, or which are central to the
2  plaintiff's claims. *Wynn v. Clark Co. Bd. Of Com'rs.*, 74 Fed.Appx. 808, 809 (9th Cir. 2003)
3  (citing *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998); *During v. First Boston Corp.*,
4  815 F.2d 1265, 1267 (9th Cir. 1987); *Branch v. Tunnel*, 14 F3d 449, 454 (9th Cir. 1994) (court
5  may consider documents exhibited, referred to, or that are central to a plaintiff's complaint);
6  *Cortec Industries, Inc. v. Sum Holdings*, L.P., 949 F.2d 42, 47 (2nd Cir. 1991)).  This prevents
7  plaintiffs from deliberately omitting references to documents upon which their claims are based.
8  *Parrino*, *Id.*; *Cortec*, *Id*.  Where an essential element of a claim for relief is absent, judgment is
9  proper. *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 111; 825 P.2d 588, 592 (1992).

**IV.  ARGUMENT**

    **A.  The Plaintiff Does Not Allege a Plausible Claim for an Automatic Stay Violation**

This adversary proceeding arises from an alleged violation of the automatic stay under 11 U.S.C. §362 as related to bankruptcy case 6:10-bk-20626-MJ filed on April 10, 2010.  The case was discharged on August 10, 2015 and closed on October 1, 2015.  "Upon the grant of a discharge, the automatic stay is replaced with the discharge injunction." *In re Henry*, 266 B.R. 457, 473 (Bankr. C.D. Cal. 2001).  Since the Plaintiff/Debtor received a discharged and the case was closed, the automatic stay related to the Debtor's bankruptcy filing was terminated and there is no longer a stay violation cause of action under 11 U.S.C. §362. 11 U.S.C. §362(c)(2). However, in this case, there is no evidence of a violation of the automatic stay.  The Plaintiff did not provide evidence of any post-petition collection efforts.  The Plaintiff mentions receiving letters but this alone does not per se constitute a violation of the automatic stay.  Informational notices, including "mere requests for payment and statements simply providing information to a debtor are permissible communications that do not run afoul of the stay." *In re Zotow*, 432 B.R. 252, 258 (B.A.P. 9th Cir. 2010).  Therefore, based on the factual information provided, there is no legal basis for a violation of the automatic stay.

    **B.  A Violation of the Discharge Injunction is Not Supported or Properly Presented**

1   The Plaintiff does not specifically argue that the Defendant violated the discharge
2   injunction under 11 U.S.C. §524 but if this is implied, the Plaintiff did not procedurally present
3   the argument correctly. The Plaintiff does not have a private right of action for a violation of the
4   discharge injunction. *Walls v. Wells Fargo Bank, N.A.*, 276 F.3d 502 (9th Cir. 2002). Rather a
5   Court may hold a party in contempt under §105(a) if a violation of the discharge injunction under
6   §524(a)(2) is determined. *In re Zilog, Inc.*, 450 F.3d 996 (9th Cir. 2006). "'The standard for
7   finding a party in civil contempt is well settled: The moving party has the burden of showing by
8   clear and convincing evidence that the contemnors violated a specific and definite order of the
9   court. The burden then shifts to the contemnors to demonstrate why they were unable to
10  comply.'" *In re Taggart*, 548 B.R. 275, 286 (B.A.P. 9th Cir. 2016) citing *In re Bennett*, 298 F.3d
11  1059 (9th Cir. 2002). In this case, the Plaintiff has not presented clear and convincing evidence
12  that the Defendants violated the discharge injunction. In fact, the Plaintiff failed to provide any
13  evidence to support findings of a violation of the discharge injunction.
14  The Debtor's Chapter 13 plan did not propose to discharge the obligation owed to the
15  Defendants. Pursuant to *In re Park*, 532 B.R. 392 (M.D. Fla. 2015), when a Chapter 13 debtor
16  has completed all payments under his plan, he is entitled to a discharge of all debts provided for
17  by the plan. "Section 1328(a)(1) specifically provides that a debt provided for under §
18  1322(b)(5)—which permits the curing of arrearages and the maintenance of payments on long
19  term debt—is excepted from a debtor's Chapter 13 discharge. In other words, if a debtor's plan
20  provides for the cure of any default and maintenance of payments on long term debt, whether
21  secured or unsecured, the debtor is not discharged from that debt." *In re Park*, 532 B.R. 392 at
22  395 (M.D. Fla. 2015). A review of the Complaint indicates that Plaintiff's claims are premised
23  upon Defendant's alleged post-petition collection efforts despite the Plaintiff's discharge.
24  (Complaint ¶¶ 16-19). However, Defendant's claim was not discharged. Defendant's claim is a
25  first deed of trust recorded against the Subject Property. (RJN, Exhibit B). Under 11 U.S.C.
26  §1328(a)(1), debt of the type provided for under 11 U.S.C. 1322(b)(5) is excepted from
27  discharge. Defendant's claim falls within this exception as it is long term debt, for which the
28  debtor cured arrearages and maintained ongoing monthly installments as contemplated by 11

5

MEMORANDUM OF POINTS AND AUTHORITIES

U.S.C. §1322(b)(5). Because Defendant's claim was not discharged, Defendant is free to collect on outstanding payments. Further, Plaintiff was advised of the arrearages via Defendant's Response to Notice of Final Cure Mortgage Payment. (Complaint ¶13). In fact the Plaintiff states that after the discharge, the parties entered into a loan modification but the loan modification was ultimately rejected after payments were not properly received. (Complaint ¶16). The Defendant was clearly working with the Plaintiff to bring the loan current after discharge. Because Defendant's claim was not discharged there was no violation of 11 U.S.C. §524(a)(2), and this claim must be dismissed.

### C.    Plaintiff's Declaratory and Injunctive Relief Claims Fail

This adversary proceeding also requests a determination of nature, extent and validity of lien(s) pursuant to Section 506(h) and FRBP 7001(2), as well as, a request for injunctive relief pursuant to FRBP 7001(7).

#### 1.    The Plaintiff Does Not Have Grounds for Declaratory Relief

A declaratory relief claim must sets forth facts showing an *actual* controversy relating to the legal rights and duties of the parties under a written instrument or with respect to property. *Lockheed Corp. v. Continental Ins. Co.*, 134 Cal.App.4th 187, 221 (2005). A declaratory judgment is to set controversies at rest *before* they cause harm to the plaintiff, not to remedy harms that have already occurred. *County of San Diego v. State* 164 Cal.App.4th 580, 607 – 08 (2008). A cause of action for declaratory relief does not lie when it is invoked for the purpose of addressing past wrongs. *Baldwin v. Marina City Prop., Inc.*, 79 Cal.App.3d 393, 407, 145 Cal. Rptr. 406 (Ct. App. 1978). If a party has a "fully matured cause of action," the party must seek damages, rather than declaratory relief. *Canova v. Trustees of Imperial Irr. Dist. Employee Pension Plan*, 150 Cal.App.4th 1487, 1497 (2007).

Here, there is no actual or present controversy for which declaratory relief is appropriate. This cause of action is based solely on Plaintiff's allegations that Defendants attempted to collect post-petition payments on a discharged debt. However, Defendant has simply attempted to collect on post-petition installments which have not been discharged. *See* Response to Notice of Final Cure Mortgage Payment attached as Exhibit B to the Complaint. Thus, the Court should

grant this Motion on the grounds the Complaint fails to allege an actual or present controversy, or that it is not "justiciable." *DeLaura v. Becketti,* 137 Cal.App.4th 542, 545 (2006). Furthermore, Plaintiff's declaratory relief claim is "wholly derivative" of their previous causes of action. Given the numerous deficiencies in those claims, Plaintiff's declaratory relief claim fails as a matter of law for this reason as well. *Ball v. FleetBoston Fin. Corp.*, 164 Cal. App. 4th 794, 800, 79 Cal. Rptr. 3d 402, 406 (2008).

### 2. The Request for Injunctive Relief is not Warranted and Should be Considered Moot

The Defendant scheduled a foreclosure sale for March 21, 2017 after the Plaintiff failed to cure a post-petition default. (Complaint ¶17). The Plaintiff requested an injunction prohibiting the Defendant from foreclosing on the subject real property. (Complaint ¶20). However, since the Court denied a request for shortened notice on the Plaintiff's Motion for a temporary restraining order and preliminary injunction, the Plaintiff filed a Chapter 13 bankruptcy proceeding on March 18, 2017 under docket number 6:17-bk-12149-MJ which stayed the scheduled foreclosure action. Based on the Plaintiff's new bankruptcy proceeding, the Defendant is stayed from taking any action without obtaining an order granting relief from the automatic stay now in effect in the current Chapter 13 proceeding. Therefore, injunctive relief is now moot.

**V.    CONCLUSION**

Based on the foregoing, and taking into account all facts to which the Court may take judicial notice, there is no plausible claim for relief stated against the Defendant. Defendant respectfully requests that the Court grant this Motion to Dismiss with prejudice.

Dated: April 13, 2017                              ZIEVE, BRODNAX & STEELE, LLP


                                                                /s/ *Erin M. McCartney*
                                                                Erin M. McCartney
                                                                Attorney for Defendant

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
30 Corporate Park, Suite 450
Irvine, CA 92606

A true and correct copy of the foregoing document entitled (*specify*): **DEFENDANT'S NOTICE AND MOTION TO DISMISS THE ADVERSARY COMPLAINT UNDER FED. R. CIV. P. 12(B)(6) AND FED. R. BANK. P. 7012; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT; REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **April 13, 2017**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

> Leonard J Cravens, Attorney           cravenslawindio@gmail.com
> Rod (MJ) Danielson (TR), Trustee     notice-efile@rodan13.com
> United States Trustee (RS)             ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **April 14, 2017**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| DEBTOR | ATTORNEY | PRESIDING JUDGE |
|---|---|---|
| Irma Cantu | Leonard J Cravens | United States Bankruptcy Court |
| 82346 Oleander Avenue | Law Offices of Leonard Cravens | Chambers Of Honorable Meredith A. Jury |
| Indio, CA 92201 | POB 2714 | 3420 Twelfth Street, Suite #325 |
|  | Indio, CA 92202-2714 | Riverside, CA 92501-3819 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 3, 2015**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 13, 2017 | Michele Dapello | /s/ Michele Dapello |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  **F 9013-3.1.PROOF.SERVICE**